# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEASAR ALEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>STEWART SHERMAN,<br><br>    Respondent. | Case No. 1:17-cv-00206-EPG-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. The Ninth Circuit has concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001).

1

**A.  Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). As the instant petition was filed on April 25, 2016, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, it is unclear when direct review became final. The petition only states that Petitioner was convicted on May 18, 2006, and sentenced on November 8, 2007. (ECF No. 1 at 1).[1] Petitioner had one year from the conclusion of direct review, absent applicable tolling, in

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

which to file his federal petition for writ of habeas corpus. Despite the lack of pertinent information, it appears that Petitioner may have filed the instant petition beyond the expiration of the statute of limitations given the nine-year period between when Petitioner was sentenced and when the instant petition was filed.

Thus, Petitioner must inform the Court of the following: (1) whether Petitioner appealed his conviction and sentence to the California Court of Appeals, and if so, when the California Court of Appeals issued its decision; (2) whether Petitioner sought relief in the California Supreme Court, and if so, when the California Supreme Court issued its decision; and (3) whether Petitioner sought relief in the United States Supreme Court, and if so, when the United States Supreme Court issued its decision.

**B.  Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)**

Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "Therefore, none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (*en banc*) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). Additionally, if the limitation period had already expired at the time the state collateral challenges were filed, the collateral challenges have no tolling consequences. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

On March 10, 2016,[2] Petitioner filed a state habeas petition in the Tulare County Superior Court challenging his sentence in light of the California Supreme Court's recent decision in People v. Le, 61 Cal.4th 416 (Cal. 2015). (ECF No. 1 at 38–49). The order denying the petition

---

[2] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Although the superior court judge received the petition on March 15, 2016, the proof of service was dated March 10, 2016. (ECF No. 1 at 36, 49).

was filed on April 14, 2016. (Id. at 36). On May 6, 2016,[3] Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District. (Id. at 25–35, 50). The petition was denied on September 1, 2016. (Id. at 24). On November 15, 2016, Petitioner filed a state habeas petition in the California Supreme Court. (Id. at 17–22, 51). The petition was denied on January 11, 2017. (Id. at 16).

Petitioner filed his state habeas petition in the California Supreme Court seventy-four days after the California Court of Appeal denied habeas relief. The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson v. Lewis, 795 F.3d 926, 930 (9th Cir. 2015) (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). However, the Ninth Circuit has not adopted a bright-line rule that unexplained delays exceeding sixty days is *per se* unreasonable, and currently is awaiting an answer from the California Supreme Court regarding whether sixty-six days is a substantial delay rendering a state petition untimely. Robinson, 795 F.3d at 931, 935.

Thus, Petitioner must inform the Court of the following: (1) whether he filed any other state habeas corpus petitions, when they were filed, and the date of the state court's decisions on those petitions; and (2) whether there was good cause for the delay in filing his state habeas petition in the California Supreme Court after the California Court of Appeal denied habeas relief.

**C. Equitable Tolling**

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that would give rise to equitable tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

///

---

[3] Although the California Court of Appeal received the petition on May 20, 2016, the proof of service was dated May 6, 2016. (ECF No. 1 at 24, 50).

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **February 27, 2017**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE