# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEASAR ALEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>STEWART SHERMAN,<br><br>    Respondent. | Case No. 1:17-cv-00206-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

Petitioner Ceasar Aleman is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition was filed outside 28 U.S.C. § 2244(d)'s one-year limitation period and fails to state a cognizable federal habeas claim, the Court recommends dismissal of the petition.

**I.**

**BACKGROUND**

Petitioner pled no contest in the Tulare County Superior Court to two counts of attempted murder and admitted various enhancements. On November 8, 2007, Petitioner was sentenced to an imprisonment term of forty years. (ECF No. 1 at 46).[1] On July 2, 2008, the California Court of Appeal affirmed the judgment, and Petitioner did not seek review in the California Supreme Court. (ECF No. 8).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 | On March 10, 2016,² Petitioner constructively filed a state habeas petition in the Tulare County Superior Court challenging his sentence in light of the California Supreme Court's recent decision in People v. Le, 61 Cal.4th 416 (Cal. 2015). (ECF No. 1 at 38–49). The order denying the petition was filed on April 14, 2016. (Id. at 36). On May 6, 2016, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District. (Id. at 25–35, 50). The petition was denied on September 1, 2016. (Id. at 24). On November 15, 2016, Petitioner constructively filed a state habeas petition in the California Supreme Court. (Id. at 17–22, 51). The petition was denied on January 11, 2017. (Id. at 16).

On February 9, 2017, Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On February 27, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. (ECF No. 5). On April 10, 2017, Petitioner filed his response. (ECF No. 8).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

---

² Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1. <u>Commencement of Limitation Period</u>

In most cases, § 2244(d)(1)(A) applies and the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner initiated habeas proceedings in light of the California Supreme Court's 2015 decision in <u>Le</u>, so the Court will determine whether § 2244(d)(1)(B)–(D) are applicable and entitle Petitioner to a later commencement of the limitation period.

Section 2244(d)(1)(B) provides that the one-year limitation period begins to run from the date on which a state-created impediment, in violation of the Constitution or laws of the United States, is removed. 28 U.S.C. § 2244(d)(1)(B). The Ninth Circuit has held that a state court decision announcing a new interpretation or clarification of state law does not constitute a state-created impediment under § 2244(d)(1)(B). <u>Shannon v. Newland</u>, 410 F.3d 1083, 1087–88 (9th Cir. 2005). Thus, <u>Le</u> is not a state-created impediment, and § 2244(d)(1)(B) is inapplicable.

3

1    Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Le held that California Penal Code section 1170.1(f) bars the imposition of both a firearm enhancement under section 12022.5(a)(1) and a gang enhancement under section 186.22(b)(1)(B) in connection with a single offense, when the offense qualifies as a serious felony solely because it involved firearm use. Le, 61 Cal.4th at 429. Le concerned the interpretation of a California state statute, and thus, (1) did not newly recognize a constitutional right, or (2) make said right retroactively applicable to cases on collateral review. Accordingly, § 2244(d)(1)(C) is inapplicable.

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Ninth Circuit has held that a state court decision announcing a new interpretation or clarification of state law does not constitutes a "factual predicate" under § 2244(d)(1)(D). Shannon, 410 F.3d at 1089. Accordingly, § 2244(d)(1)(D) is inapplicable.

Based on the foregoing, § 2244(d)(1)(A) is applicable in the instant case and the limitation period began running on the date that Petitioner's direct review became final. As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The time to seek review with the California Supreme Court expired on August 11, 2008, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, August 12, 2008, and absent tolling, was set to expire on August 11, 2009. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

///

2. <u>Statutory Tolling</u>

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On March 10, 2016, Petitioner filed his first state habeas petition in the Tulare County Superior Court. (ECF No. 1 at 49). This is more than six-and-a-half years after the limitation period expired on August 11, 2009, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

3. <u>Equitable Tolling</u>

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). The petitioner bears the "heavy burden" of showing that he is entitled to equitable tolling. <u>Chaffer v. Propser</u>, 592 F.3d 1046, 1048 (9th Cir. 2010) (*per curiam*).

Petitioner does not address equitable tolling in his response to the order to show cause. However, in explaining the 74-day delay in filing his state habeas petition in the California Supreme Court after the California Court of Appeal denied habeas relief, Petitioner states that he lacks legal knowledge and had very limited access to the law library. (ECF No. 8). Lack of education and ignorance of the law do not constitute extraordinary circumstances warranting equitable tolling. <u>See, e.g.</u>, <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); <u>Baker v. Cal. Dep't of Corr.</u>, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."). The Ninth Circuit has held that being in administrative segregation with limited access to the law library does not constitute an

extraordinary circumstance warranting equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Petitioner initiated his habeas proceedings in light of the California Supreme Court's recent decision in Le. However, the Ninth Circuit has held that a state court's issuance of a decision announcing a new interpretation or clarification of state law does not constitute an extraordinary circumstance warranting equitable tolling. Shannon, 410 F.3d at 1090. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling.

Based on the foregoing, the Court finds that the petition was filed outside § 2244(d)'s one-year limitation period. Accordingly, the petition is untimely and should be dismissed.

**B. Cognizability of Claim in Federal Habeas**

In the petition, Petitioner challenges his sentence in light of the California Supreme Court's decision in Le. (ECF No. 1 at 38–49). Whether Petitioner's sentence is unlawful pursuant to Le is an issue of state law, and errors of state law do not warrant federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations omitted); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citations omitted). Accordingly, Petitioner's claim is not cognizable in federal habeas corpus and should be dismissed.

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 26, 2017**

/s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

7